**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD R. LEONCINI, | |
| Plaintiff, | Civil Action No. 16-7276 (PGS) |
| v. | **MEMORANDUM OPINION** |
| ANTHONY RIZZO, et al., | |
| Defendants. | |

**SHERIDAN, District Judge:**

This matter comes before the Court on a civil rights Complaint filed by Plaintiff Richard R. Leoncini, pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights had been violated by Defendants. The Court previously granted Plaintiff *in forma pauperis* status. ECF No. 2. At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B) (in forma pauperis actions). It appearing:

1. This case concerns a criminal prosecution initiated by the State of New Jersey, which resulted in a conviction against Plaintiff. ECF No. 1-2 at 3. In the Complaint, Plaintiff asserts ineffective assistance of counsel by the public defender, Defendant Anthony Rizzo, malicious prosecution by the state prosecutor, Defendant Keith Carmy, and provision of false evidence and false testimony by a police officer, Defendant Daniel Ehnstorm. Plaintiff also names the State of New Jersey as a defendant. The Complaint alleges that Plaintiff is currently incarcerated because of the conviction, therefore the judgment still appears to be valid.

2. A plaintiff can pursue a cause of action under § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Thus, to state a claim for relief under § 1983, a plaintiff must establish, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-1 (1999); *Morrow v. Balaski*, 719 F.3d 160, 166-67 (3d Cir. 2013).

3. However, public defenders are not state actors liable under § 1983, because they are not persons acting under the color of law. *See Vermont v. Brillon*, 556 U.S. 81, 91 (2009) ("[T]he relationship between a defendant and the public defender representing him is identical to that existing between any other lawyer and client. Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor.") (citation and quotation omitted); *Rieco v. Hebe*, No. 15-2323, 2015 WL 9583987, at *2 (3d Cir. Dec. 31, 2015) ("Public defenders are generally not considered state actors for § 1983 purposes when acting in their capacities as attorneys.") (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981)). Accordingly, all claims against Rizzo are dismissed with prejudice.

4. Moreover, the State of New Jersey is immune from suit. The Eleventh Amendment to the United States Constitution provides that, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." U.S.

Const. amend. XI. As such, the Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought. *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Section 1983 does not override a state's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 338 (1979). Therefore, all claims against the State of New Jersey are dismissed with prejudice.

5. To the extent Plaintiff is seeking to be release from incarceration or to invalidate his conviction and sentence, Plaintiff's sole remedy is a federal habeas petition, and those claims are not actionable under § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). Thus, any claims for such relief are dismissed without prejudice.

6. With regard to the malicious prosecution claim, to state such a claim under § 1983, a plaintiff must satisfy each of the following elements: "(1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Kossler v. Crisanti*, 564 F.3d 181. 186 (3d Cir. 2009) (en banc) (internal quotation marks omitted). Here, there is no allegation that the criminal proceeding ended in Plaintiff's favor—indeed, he was convicted and is now serving his sentence. As such, he fails to allege an essential element of the claim, and it is dismissed without prejudice.

7. Finally, with regard to the false evidence/testimony claim, Plaintiff's claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). As the Supreme Court explained:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486-87. In *Wilkinson v. Dotson*, the Supreme Court further clarified its *Heck* holding, finding that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." 544 U.S. 74, 81-82 (2005).

8. Here, Plaintiff alleges that Ehnstorm's false testimony and false evidence essentially led to his conviction. ECF No. 1-2 at 3. So in order for Plaintiff to succeed on his claim against Ehnstorm, the Court has to find that Ehnstorm gave false testimony, which would necessarily imply that Plaintiff's conviction was invalid. Under *Heck*, such a claim is barred unless and until Plaintiff can invalidate his conviction on collateral review, either through a state post-conviction relief proceeding or a federal habeas petition. Plaintiff does not allege that he has done so. Absent invalidation, Plaintiff is barred from raising his § 1983 claim against Ehnstorm, and that claim is dismissed without prejudice. *See United States v. Miller*, 197 F.3d 644, 652 n.7 (3d Cir. 1999) ("When a plaintiff files a § 1983 action that cannot be resolved without inquiring into the validity of confinement, the court should dismiss the suit without prejudice.").

9. As all claims in the Complaint has been dismissed, the Court dismisses the Complaint.

_____

**Peter G. Sheridan**
**United States District Judge**

**Date:**